UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEXANDRU IACOBI,

                           Plaintiff,              **REPORT AND RECOMMENDATION**

                                                          19-CV-03245 (RPK) (ST)

     v.

NICHOLAS FELIX and JAMES SLEDGE,

                           Defendants.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

        Plaintiff Alexandru Iacobi ("Plaintiff") commenced this action for, inter alia, false arrest and malicious prosecution against Nicholas Felix ("Felix") and James Sledge ("Sledge") (collectively, "Defendants"). Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("FRCP")12(b)(6). Plaintiff submits no opposition.

        The Honorable Rachel P. Kovner referred Defendants' Motion to the undersigned to issue a Report and Recommendation. For the reasons stated below, this Court respectfully recommends that Defendants' Motion be GRANTED.

    **I.**        **BACKGROUND**

        Plaintiff is an individual residing at 2281 East 18th Street in Brooklyn New York. Compl. at 1.

        Defendants are police officers employed by New York City Police Department. *See* Defs.' Mot., Mem. of Law at 1.

        On May 25, 2016, Plaintiff entered into a fight with his landlord, John Garavuso. *See* Compl. at 5. According to Plaintiff, Garavuso entered his apartment's basement and allegedly stole Plaintiff's suits and other garments from the closet. *Id.*; Defs.' Mot., Mem. of Law at 1. Due

to this alleged "theft", Plaintiff dialed 911 to request police assistance. Upon arrival, Defendants allegedly spoke only to Garavuso but "refus[ed] to take any information from [Plaintiff] and to look at the garment from the floor of the hall entrance which was the object of the theft." *Id*. Plaintiff claims that, after speaking to Garavuso, Defendants Felix and Sledge arrested him.

According to Defendants, Plaintiff was arrested because he punched Garuvuso around "the neck with a closed fist" and pushed his shoulder. Subsequently, Plaintiff was charged with third degree assault, third degree menacing, and second degree harassment. *See* Murray Decl., Criminal Court Complaint, Ex. A., DE 32; *see also* Compl., Certificate of Disposition annexed to the Complaint, DE. In support of his criminal action, Garavuso affirmed that he was assaulted by Plaintiff and "suffer[ed] scratches and redness to the neck, suffer[ed] substantial pain, to fear further physical injury and to become alarmed and annoyed." *Id*.; *See* Murray Decl., Supporting Deposition, Ex. B, DE 32. On April 26, 2017, the charges against Plaintiff were ultimately dismissed and sealed. *See* Compl. at 12.

On May 24, 2019, Plaintiff filed the Complaint in this matter, asserting claims against Garavuso and nine police officers. *See* Compl. By Order dated November 20, 2019, the Court dismissed Plaintiff's claims against all Defendants except Sledge and Felix. DE 5. Defendants answered the Complaint on March 2, 2020 and filed the instant Motion on November 15, 2021. DE 12, 31.

## II.   LEGAL STANDARD

Defendants have docketed their Motion as "MOTION for Judgment on the Pleadings" but their submissions seek dismissal under FRCP 12(b)(6).

Nonetheless, "[t]he standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim."

2

*Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (cleaned up). "To survive a Rule 12(c) motion, complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hayden v. Paterson*, 594 F.3d 150, 160. "The assessment of whether a complaint's factual allegations plausibly give rise to an entitlement to relief ... calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal conduct." *Lynch*, 952 F.3d at 75 (internal quotation marks omitted). In making this assessment, we "draw all reasonable inferences in [the plaintiff's] favor." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009). In evaluating the sufficiency of a complaint, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *id.*, but gives "no effect to legal conclusions couched as factual allegations," *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Like a motion under Rule 12(b)(6), a motion under Rule 12(c) may be filed before discovery is complete. *See* Fed. R. Civ. P. 12(c) (permitting motion "[a]fter the pleadings are closed—but early enough not to delay trial"). "Pleadings" include both the "complaint" and the "answer to [the] complaint." Fed. R. Civ. P. 7(a); *Lively v. WAFRA Investment Advisory Group, Inc.*, 6 F.4th 293, 301-02 (2d. Cir. 2021). However, a Rule 12(c) motion should be granted "if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Dargahi v. Honda Lease Trust*, 370 F. App'x 172, 174 (2d Cir. 2010) (internal quotation marks and citation omitted); *accord Nathaniel v. City of N.Y.*, No. 16-CV-256, 2017 WL 3912986, at *1 (E.D.N.Y. Sept. 6, 2017) (citations omitted). In other words, "judgment on the pleadings is not appropriate if there are issues of fact which if proved would defeat recovery, even if the trial court is convinced that the party opposing the motion is unlikely to prevail at trial." *Dist. No. 1, Pac.*

3

*Coast Dist., Marine Eng'rs Beneficial Ass'n v. Liberty Mar. Corp.*, 933 F.3d 751, 761 (D.C. Cir. 2019) (internal quotation marks omitted); *see also Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (explaining that dismissal under Rule 12(c) is appropriate for self-defeating complaints—i.e., complaints "whose allegations show that there is an airtight defense"); *see also Sheppard v. Beerman*, 18 F.3d 147, 151 (2d Cir. 1994). Thus, a court may consider undisputed allegations of fact on a Rule 12(c) motion under the same standard as Rule 12(b)(6), but it may not use a motion for judgment on the pleadings to weigh disputed factual allegations.

Here, there seems to be no disputed issues of fact and the Court will consider Defendant's dismissal and request for a judgment on the pleadings under identical standards.

Further, "[a] document filed *pro* se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal quotations and citation omitted). Courts within this Circuit grant *pro se* litigants a "'special solicitude' by interpreting a complaint filed *pro se* 'to raise the strongest claims that it suggests.'" *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). However, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (quoting *2 Moore's Federal Practice* § 12.31[1][b] (2005), at 12–61 (internal quotation marks omitted)). The court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Babin v. Dep't of the Treasury*, No. 20-CV-2702, 2021 WL 5860595, at 9 (E.D.N.Y. Dec. 9, 2021) (citation omitted). Therefore, a court should "not hesitate to dismiss a *pro se* complaint if it fails altogether to satisfy the pleading standard." *Henry v. Davis*, No. 10-CV-7575, 2011 WL 3295986, at 2 n.5 (S.D.N.Y. Aug. 1, 2011), *adopted by* 2011 WL 5006831 (Oct. 20, 2011).

### III.  DISCUSSION

#### A. Defendants had Probable Cause to Arrest Plaintiff

Defendants move for dismissal of Plaintiff's false arrest claims under 42 U.S.C. § 1983, arguing that the Defendants had clear probable cause to arrest Plaintiff. The *pro se* Plaintiff submits no opposition.

The Fourth Amendment of the United States Constitution provides a right to be free from unreasonable seizures, which includes the right to be free from arrest without probable cause. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). A plaintiff bringing a false arrest claim must demonstrate that (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged. *Hatcher v. City of New York*, 15-CV-7500 (VSB), 2018 WL 1583036 at 3 (S.D.N.Y. Mar. 27, 2018); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). Probable cause to arrest is justification, and "is a complete defense to an action for false arrest." *Id.* (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)); *Broughton v. State,* 37 N.Y.2d 451, 458 (1975). Probable cause depends on the "totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 233 (1983). "In sum, probable cause does not demand any showing that a good-faith belief be correct or more likely true than false." *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007) (citing *Texas v. Brown*, 460 U.S. 730, 742 (1983)).

Here, it is undisputed that Defendants intended to confine Plaintiff, Plaintiff was conscious of the confinement, and Plaintiff did not consent to the confinement. At issue is whether Defendants had probable cause to arrest Plaintiff.

"In general, probable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the

5

belief that an offense has been committed by the person to be arrested." *Calamia v. City of New York*, 879 F.2d 1025, 1032 (2d Cir. 1989). In the Second Circuit, "[i]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." *Ortiz v. City of New York*, 773 F. App'x 54, 55-56 (2d Cir. 2019) (internal quotation marks omitted). A supporting deposition from the victim affirming the allegations in a criminal court complaint is sufficient evidence that the defendant officer had probable cause at the time of the arrest. *See Betts v. Shearman,* No. 12–cv–3195 (JPO), 2013 WL 311124 (S.D.N.Y. Jan. 24, 2013) (granting defendants' FRCP 12(b)(6) motion to dismiss because it was objectively reasonable for the officer to believe probable cause existed when the complaining victim reported an assault and no facts existed to undermine her veracity); *Gerbush v. City of New York,* No. 15 Civ. 3256, 2017 U.S. Dist. LEXIS 222542 at 10 (S.D.N.Y. Apr. 3, 2017) (granting the motion to dismiss the false arrest claim because the victim's supporting affidavit affirming the facts attributed to her in the criminal complaint "evidences that probable cause existed at the time of arrest." *Id*. at 12.

Here, Plaintiff's false arrest claim against Defendant should be dismissed because Officers Felix and Sledge had probable cause to believe Plaintiff committed all three of the crimes he was arrested for—third degree assault, third degree menacing, and second degree harassment. Like the complaining victim in *Betts* and *Gerbush*, in this case Garavuso signed a supporting deposition affirming the allegations set forth against Plaintiff in the criminal complaint, which show Defendants had probable cause to arrest him. *See* Murray Decl. Exs. A and B. Under the New York Penal Law, one commits third degree assault if he intentionally or recklessly causes physical injury to another person. N.Y. Penal Law § 120.00. Additionally, an individual commits third

6

degree menacing if he intentionally places another person in fear of imminent physical injury through "physical menace." N.Y. Penal Law 120.15. Under the New York Penal Law, "'Physical injury' means impairment of physical condition or substantial pain." N.Y. Penal Law § 10.00(9). Finally, one commits harassment in the second degree where, "with intent to harass, annoy or alarm another person," "[h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same." N.Y. Penal Law § 240.26.

Officers Felix and Sledge had probable cause to believe Plaintiff physically injured Mr. Garavuso for third degree assault purposes because Mr. Garavuso confirmed that Plaintiff punched him "about the neck with a closed fist," causing him to "suffer scratches and redness to the neck [and] suffer substantial pain…." *See* Murray Decl. Exs. A and B. Additionally, because Garavuso averred that Plaintiff caused him "to fear further physical injury and to become alarmed and annoyed", *Id*., Officers Felix and Sledge also had probable cause to arrest Plaintiff for third degree menacing and second degree harassment. Since the Complaint is devoid of any alleged facts that would undermine the veracity of the victim's report at the time of the arrest, that statement alone is sufficient to demonstrate probable cause.

Thus, Plaintiff's claim for false arrest against Defendants must be dismissed because Defendants had probable cause to arrest him.

### B. Plaintiff Fails to State a Malicious Prosecution Claim

To state a malicious prosecution claim under the Fourth Amendment, a plaintiff must plead that "a proceeding was commenced or continued against him, with malice and without probable cause, and was terminated in his favor." *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Because the Fourth Amendment right at issue in a malicious prosecution claim is the right to be free from unreasonable seizures, a plaintiff must also allege that the defendants

7

deprived him of personal liberty. *Singer*, 63 F.3d at 116 (2d Cir. 1995).

Here, even though the Complaint does not explicitly assert a malicious prosecution claim, Defendants argue that to the extent a malicious prosecution could be carved out from the Complaint, it should be dismissed because Plaintiff has not adequately pled that Officers Felix and Sledge initiated his prosecution, lacked probable cause to do so, or acted with malice. See Defs.' Mem. of Law at 7-8.

First, it was Plaintiff, and not Defendants who initiated the instant action. *See* Compl. A criminal proceeding was initiated against Plaintiff following his arrest. However, it was initiated not by defendants, but by the Kings County District Attorney's Office. *In Alcantara v. City of New York*, 646 F.Supp.2d 449, 459 (S.D.N.Y.2009), the court noted that "once a criminal defendant has been formally charged, the chain of causation between the officer's conduct and the claim of malicious prosecution is broken by the intervening actions of the prosecutor, thereby abolishing the officer's responsibility for the prosecution." *See also Rohman v. New York City Transit Auth.*, 215 F.3d 208, 217 (2d Cir.2000) ("[o]ne who does no more than disclose to a prosecutor all material information within his knowledge is not deemed to be the initiator of the proceeding").

Second, as discussed above, Defendants had probable cause to arrest Plaintiff. Probable cause is a complete defense to a malicious prosecution claim "unless plaintiff can demonstrate that at some point subsequent to arrest, additional facts came to light that negated probable cause." *Smith*, No. 04 Civ. 3286, 2010 WL 3397683, at 9 (S.D.N.Y. Aug. 27, 2010) (quoting *Dukes v. City of New York*, 879 F. Supp. 335, 342 (S.D.N.Y. 1995)). Probable cause dissipates where "the groundless nature of the charges [are] made apparent by the discovery of some intervening fact." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996). Defendants had probable cause

8

at the time of arrest and Plaintiff alleges no facts suggesting that probable cause dissipated between the time he was arrested and the time his criminal prosecution was initiated.

Last, Plaintiff does not allege that Officers Sledge or Felix acted with malice. To establish the element of malice, the plaintiff must show "that the defendant . . . commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 572 (2d Cir.1996) (citation omitted); accord *Fulton v. Robinson*, 289 F.3d 188, 198 (2d Cir. 2002). Malice may be inferred when probable cause is "totally lacking." *Pacicca v. Stead*, 456 F. App'x 9, 13 (2d Cir. 2011). However, if there was probable cause to arrest, the plaintiff may not rely on conclusory allegations of malice. *See Weaver v. City of New York*, 2011 U.S. Dist. LEXIS 121322, at 19-20 (S.D.N.Y. Oct. 18, 2011). Here, the Court cannot infer malice because Officers Felix and Sledge had probable cause to arrest Plaintiff. Additionally, Plaintiff does not allege any facts suggesting that Officers Felix or Sledge acted with malice. Plaintiff merely asserts that the officers failed to properly investigate the complaining victim's allegations. Even assuming this is true, he offers no facts demonstrating that they failed to speak with him due to an improper motive.

Thus, Plaintiff's malicious prosecution claim must be dismissed because Defendants did not initiate any prosecution against him, did not act with malice, and had probable cause to arrest him.

### C. The Complaint Fails to State a Claim under the First, Eight, or Fourteenth Amendments, or under the Due Process Clause of the Constitution

Plaintiff alleges that Defendants violated the "Eighth Amendment, 1st Amendment, [and] Due Process Clause". *See* Compl. at 5.

9

Plaintiff does not explain which rights, in particular, were violated by Defendants. Courts routinely dismiss claims for the violation of constitutional amendments, rather than specific rights under those amendments, because such claims do not adequately apprise defendants or judges of the nature of the allegations. *See e.g. Folk v. City of NY,* 243 F.Supp. 3d 363, 374 (E.D.N.Y. 2017) (holding that "Plaintiff's first substantive claim—a violation of her Fourth, Fifth, and Fourteenth Amendment rights raised pursuant to 42 U.S.C. § 1983—must be dismissed for failure to provide Defendants, or this Court, notice regarding the substance of or factual basis for this claim"); *Mena v. City of N.Y.*, No. 15 Civ. 3707 (ALC), 2019 U.S. Dist. LEXIS 71752, at 13-14 (S.D.N.Y. Apr. 25, 2019) (dismissing constitutional claims because "Mr. Mena has failed to provide anything more than an allegation that his Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated"); *Brandon v. City of N.Y.*, 705 F. Supp. 2d 261, 268-269 (S.D.N.Y. 2010) (dismissing the "catchall" claim for violation of "federal civil rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments" because they failed to "set forth a plausible cause of action" or provide fair notice").

Here, Plaintiff's claims under the First Amendment, Eighth Amendment, and "Due Process Clause" are deficient because they do not notify Defendants, or the Court which specific rights were allegedly violated. This deficiency is, by itself, sufficient grounds for dismissal.

Thus, the Court recommends dismissal of Plaintiff's First, Eighth and Fourteenth Amendment claims because the Complaint contains no specific allegations pertaining to any provision under the First, Eight, or Fourteenth Amendments, or under the Due Process Clause of the Constitution.

### D. Qualified Immunity

Even if Plaintiff's complaint had sufficiently stated a claim for violation of his rights, the Complaint should nonetheless be dismissed on the grounds of qualified immunity.

"Governmental actors, including police officers, enjoy qualified immunity from suit for constitutional violations under 42 U.S.C. § 1983." *Guan v. City of New York*, 2020 WL 6688855 at 13 (S.D.N.Y. Sept. 18, 2020); quoting *Myers v. Patterson*, 819 F.3d 625, 633 (2d Cir. 2016). The Supreme Court has established a two-part inquiry to determine when a district court should hold that the doctrine of qualified immunity bars a suit against government officials: (1) the court must first consider whether the facts alleged, when taken in the light most favorable to the party asserting the injury, demonstrate a violation of a constitutional right; and (2) the court must then consider whether the officials' actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known," *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); *Jones v. Parmley*, 465 F.3d 46 (2d. Cir. 2006); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "Even assuming a state official violates a plaintiff's constitutional rights, the official is protected nonetheless if he objectively and reasonably believed that he was acting lawfully." *Id*.

Qualified immunity protects an officer "so long as he had 'arguable probable cause' to arrest, which 'exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" *Brock v. City of New York*, 15-CV-1832 (VSB), 2018 WL 3579099 at 7-8 (S.D.N.Y. July 25, 2018) (quoting *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004). Here, even if Defendants' actions were not supported by probable cause, they were objectively reasonable under the circumstances. The Defendant Officers were presented with a complaining witness whose factual statement was sufficient to establish that Plaintiff committed

11

the crimes of third degree assault, third degree menacing, and second degree harassment. *See* Murray Decl., Criminal Court Complaint, Ex. A., DE 32. Plaintiff presents no specific factual allegations that the Officers had knowledge at the time of arrest that should have caused a reasonable officer to question the veracity of the complaining witness. He merely asserts, in conclusory fashion, that they failed to investigate. In the absence of some evidence that would cause a reasonable officer to question the victim's statement, the Defendants' decision in this case to arrest Plaintiff based on the statement by the complaining victim was objectively reasonable.

Accordingly, Defendants are entitled to qualified immunity, which is an alternative basis to dismiss Plaintiff's false arrest, malicious prosecution and other such claims. *See Vallen*, 2004 WL 555698 at 10; *Burdick*, 2009 WL 1707475 at 7; Alcantara v. City of New York, 646 F.Supp.2d 449 (S.D.N.Y. 2009).

## IV.    CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted.

## V.    OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*,

No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also* *Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
September 9, 2022